**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-00457-WDM-KMT

TOM SWEENEY, d/b/a TOM'S WINDOWS
AND DOORS, LLC, a Colorado limited liability company,

                                Plaintiff,

v.

MARVIN WINDOWS, INC., a Minnesota corporation, and
BUILDING MATERIAL DISTRIBUTORS, INC., a
California corporation,

                                Defendants.
_____

BUILDING MATERIAL DISTRIBUTORS, INC.,

                                Counterclaim Plaintiff,

v.

TOM SWEENEY and
TOM'S WINDOWS AND DOORS, LLC,

                                Counterclaim Defendants.

**PROTECTIVE ORDER**

Pursuant to the opposed motion by Defendants Marvin Windows, Inc. and Building Material Distributors, Inc., the Court enters this Protective Order governing this matter.

**LEGAL STANDARD**

A protective order is appropriate in this case to protect two categories of information likely to be exchanged between the Parties that the law recognizes warrants protection from public dissemination. The first category is nonpublic personal information of borrowers of the mortgage loans at issue. Under the Gramm-Leach-Bliley Act, every

financial institution "has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a).  Consequently, courts recognize the need to fashion protective orders which will protect borrowers' nonpublic personal information.  *See e.g. Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 497 (S.D.W. Va. 2003).  The second category of protected information in this case consists of confidential and proprietary information of the Parties, which Federal Rules of Civil Procedure explicitly recognize warrant protection.  Fed. R. Civ. P. 26(c)(1)(G) (formerly Fed. R. Civ. P. 26(c)(7)); *see also Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 325-26 (10th Cir. 1981) (recognizing appropriateness of a protective order to protect trade secrets).  The Court may enter this Order on a "generalized as opposed to a document-by-document basis."  *Gillard v. Boulder Valley Sch. Dist. Re.-2,* 196 F.R.D. 382, 386 (D. Colo. 2000).

495532

**ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Court enters the following Order:

1.  Information designated "Confidential" ("Confidential Information") shall be information that is confidential and implicates common law and statutory privacy interests of a Party or a third party and may include: (1) nonpublic personal information, (2) trade secrets and/or confidential or proprietary information of such Party or third parties, including but not limited to nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, dealer lists, customer lists and other customer-related information of such Party or third parties, or (3) nonpublic financial information. As used herein, Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, and (d) expert reports. Before designating any Confidential Information, the designating Party's counsel shall review the information and make a good faith determination that the information warrants protection.  The handling of such Confidential Information shall be made in accordance with the terms of this Order.

495532

2. The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential."

3. If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice. Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter. Until expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed

-4-

information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

5. All Confidential Information received from any Producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function. To that end, the Parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the Parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in the following paragraph.

7. Confidential Information may only be disclosed to the following persons:

(a) Outside counsel of record for any Party to this action;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to

      photocopy service personnel and document management vendors, such as coders and data entry personnel, retained by outside counsel);

(c)    In-house counsel employed by a Party to this action (including their staff whose functions require access to such information), business persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

(d)    Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(e)    Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

      (f)      Any person identified on the face of any such Confidential Information as an author or recipient thereof;

      (g)      Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

      (h)      Any non-party engaged by the Parties or appointed by the Court for the purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

      (i)      Any person as ordered by the Court.

8.    The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

9.    Notwithstanding the provisions of this Order, persons authorized to review Confidential Information under this Order may make generalized, non-specific disclosure of information derived from Confidential Information without revealing specific facts or figures of Confidential Information to senior executives of a Party as may be reasonably necessary in connection with the management, prosecution, and/or settlement of this litigation. Such disclosure shall not include any detailed Confidential

Information of the other Party and shall be as limited as possible for such executive(s) to make decisions with respect to this litigation.

10. The provisions of this Order are without prejudice to the right of any Party to this Order to:

(a) Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under Colorado or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to Colorado or federal law;

(b) Seek to modify or obtain relief from any aspect of this Order; or

(c) Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

11. Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions.  Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information may be filed under the seal of the Court upon proper motion and order.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.  The Parties agree to

cooperate to de-designate Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

12. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present at the time the Confidential Information is disclosed. The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter. If any document or information designated as Confidential pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

13. In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information, and transcripts used in the course of any court proceedings.

14. Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing Party, or, at the direction of the Producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product

may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.

15. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

16. The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

IT IS SO ORDERED.

January 10, 2011.

_____

Honorable Kathleen M. Tafoya

United States Magistrate Judge

-11-

495532

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned has been provided with a copy of the Protective Order entered in the case captioned *Sweeney v. Marvin Windows, Inc.,*. Civil Action No. 10-cv-00457-WDM-KMT, has had an opportunity to review the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Print name:

Address:

Date signed:

-12-

495532